IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

I.T. Productions LLC,

        Plaintiff,

    v.

Scott Huber, et al.,

        Defendants.

Case No. 2:16-cv-1199

Judge Graham

<u>Opinion and Order</u>

This copyright infringement action is before the court on plaintiff I.T. Production LLC's motion for default judgment against defendants Scott Huber, John Fox and James Morelli. Plaintiff has its principal offices in Los Angeles, California, and it owns the rights to a major motion picture named *I.T.*, released in 2016. The complaint alleges that defendants violated plaintiff's rights under the Copyright Act, 17 U.S.C. § 106, by downloading and distributing *I.T.* without authorization through a peer-to-peer file sharing protocol known as BitTorrent.

Defendants were served with the complaint on July 12, 2017. (Doc. 18). Defendants have failed to plead or otherwise defend in this action. The Clerk made an entry of default on August 14, 2017. <u>See</u> Fed. R. Civ. P. 55(a). Plaintiff filed its motion for default judgment on August 23, 2017. Defendants were served with the motion for default judgment by regular mail.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts plaintiff's well-pled allegations as to defendants' liability as true. <u>See</u> <u>Antoine v. Atlas Turner, Inc.</u>, 66 F.3d 105, 110 (6th Cir. 1995); <u>United States v. Allen</u>, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) ("This is not to say, however, that every allegation relating to liability in the Complaint is deemed true; facts not established by the pleadings, claims which are not well-pleaded, and unsupported conclusions of law are not binding and cannot support a judgment."). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." <u>Allen</u>, 2014 WL 5305518, at *2 (quoting <u>Nishimatsu Construction Co., Ltd. v. Houston National Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)).

1

Upon review of the well-pled allegations of the complaint and the evidentiary materials attached to the motion for default judgment, the court finds that a sufficient basis exists for granting default judgment to plaintiff. The elements of a copyright infringement claim are: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Attached to the complaint is a certificate of registration with the United States Copyright Office showing that plaintiff has a registered copyright in the subject motion picture. The certificate of registration is *prima facie* evidence of the ownership and validity of the copyright. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 533–34 (6th Cir. 2004).

With respect to the second element, plaintiff has submitted the business records of Maverickeye, a firm that provides software services which detect and track activity on peer-sharing networks with respect to particular titles. Plaintiff's work was detected to have been downloaded and accessed through Internet Protocol addresses belonging to the named defendants. The Maverickeye reports show 27 instances of sharing activity from defendant Huber's IP address from September 30 to October 10, 2016; 27 instances from defendant Fox's IP address from November 25 to November 29, 2016; and 32 instances from defendant Morelli's IP address on September 30 and October 1, 2016. These reports provide a sufficient basis for concluding that each defendant copied plaintiff's work.

Turning to damages, on a motion for default judgment the court does not accept allegations as to damages as true. See Antoine, 66 F.3d at 110. The court must "'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" Arthur v. Robert James & Assocs. Asset Mgmt., Inc., No. 3:11-CV-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting Osbeck v. Golfside Auto Sales, Inc., No. 07–14004, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010)). Rule 55(b)(2) "'allows but does not require the district court to conduct an evidentiary hearing.'" Id. (quoting Vesligaj v. Peterson, 331 Fed. App'x. 351, 354–55 (6th Cir. 2009)). The court may instead rely on affidavits or other evidence submitted on the issue of damages, particular when, as here, plaintiff elects to recover statutory damages rather than actual damages. Id. at **2-3; Caterpillar Fin. Servs. Corp. v. C & D Disposal Techs., No. 2:12-CV-00077, 2012 WL 12883333, at *1 (S.D. Ohio July 10, 2012); Malibu Media, LLC v. Schelling, 31 F.Supp.3d 910, 911-12 (E.D. Mich. 2014).

Plaintiff made a demand for statutory damages in the original and amended complaints. In its motion, plaintiff seeks an award of $15,000 against each defendant and alleges that defendants'

infringing activities were willful. In support of the allegation that defendants acted willfully, plaintiff points to the Maverickeye reports mentioned above, which indicate numerous instances of activity by each defendant.

Under 17 U.S.C. § 504(c)(1), the court may award statutory damages for infringements "with respect to any one work" in a sum of "not less than $750 or more than $30,000." Where plaintiff has established willful infringement, the court "in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). In determining the proper amount of statutory damages, courts consider: (1) whether defendant's infringement was willful, knowing, or innocent; (2) whether defendants profited from the infringement; (3) whether plaintiff suffered a loss from the infringement; and (4) the need to deter future violations by defendants and similarly situated entities. Broadcast Music, Inc. v. 4737 Dixie Highway, LLC, No. 1:12-cv-506, 2012 WL 4794052, at *4 (S.D. Ohio Oct. 9, 2012).

The court finds that an award of $750 per defendant is appropriate. The complaint contains well-pled allegations that utilizing BitTorrent required knowing acts by the defendants. Even so, the Maverickeye reports show only that a limited amount of copying activity occurred. The overall activity of each defendant occurred in a short time span, and the individual instances of activity typically lasted from five to ten seconds in duration. While it is possible that each defendant obtained a complete copy of plaintiff's work and made it available for other BitTorrent users to access, the reports do not establish that defendants participated in distributing the work over a prolonged period of time, that they were the original users who made plaintiff's work available, or that later infringements by other individuals would not have occurred absent defendants' conduct. Nor is there any allegation that the defendants profited from their infringement, other than avoiding the cost of purchase of the work.

Plaintiff seeks attorney's fees in the amount of $2695.00. "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'" Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 592 (6th Cir. 2008), (quoting Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004)). The court finds that the fees requested in this action represent a reasonable number of hours expended (seven) and a reasonable hourly rate ($385). Further, the requested amount does not reflect attorney time expended with respect to the other defendants named in the amended complaint. Accordingly, and plaintiff is awarded $898.33 in attorney's fees as to defendant Huber; $898.33 in attorney's fees as to defendant Fox; and $898.33 in attorney's fees as to defendant Morelli.

3

Finally, plaintiff seeks to enjoin defendants from directly or indirectly infringing its copyrighted work. The Copyright Act authorizes injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement for a copyright." 17 U.S.C. § 502(a). A showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction. Bridgeport Music, Inc. v. Justin Combs Pub., 507 F.3d 470, 492 (6th Cir. 2007). Plaintiff has established past infringement by the defendants. Considering the nature of the BitTorrent system and the nature of the copyrighted work, plaintiff has sufficiently established a continuing threat to its copyright.

The court orders that a permanent injunction is entered against defendants as follows:

Defendants Scott Huber, John Fox and James Morelli are enjoined from directly or indirectly infringing plaintiff's rights in the motion picture *I.T.*, including without limitation by using BitTorrent or any similar file-sharing protocol to reproduce or copy *I.T.*, to distribute *I.T.*, or to make *I.T.* available for distribution to the public, except pursuant to a lawful license or with the express authority of the plaintiff. Defendants Scott Huber, John Fox and James Morelli are also ordered to destroy all copies of *I.T.* that they have downloaded or transferred, without plaintiff's authorization, onto any physical medium device in each defendant's possession, custody or control.

Accordingly, plaintiff's motion for default judgment against defendants Scott Huber, John Fox and James Morelli (Doc. 27) is granted as to the issue of liability and granted with modification as to damages. The Clerk of Court shall enter default judgment in favor of plaintiff against defendants Scott Huber, John Fox and James in accordance with the foregoing.

                                                      s/ James L. Graham
                                                      JAMES L. GRAHAM
                                                      United States District Judge

DATE: November 14, 2017